**In re: Jay Alan ROTHSTEIN.**

**Joergen Helmer HAGMAN, Petitioner–Appellant,**

v.

**Glen E. ROBINSON, United States Marshal for the Northern District of California, Respondent–Appellee.**

No. 89–15215.

United States Court of Appeals, Ninth Circuit.

Sept. 5, 1989.

Before HUG, POOLE and HALL, Circuit Judges.

## ORDER

Jay Alan Rothstein attempts to substitute as counsel of record on behalf of appellant Joergen Helmer Hagman in Hagman's appeal from the denial of his federal habeas corpus petition. Rothstein does not qualify for admission to the United States Court of Appeals for the Ninth Circuit and was admitted to practice in error. We vacate Rothstein's admission to the United States Court of Appeals for the Ninth Circuit and this court's order granting his substitution as attorney of record.

## FACTUAL BACKGROUND

Rothstein was admitted to practice before the High Court of the Trust Territory of the Pacific Islands on December 28, 1988. He has not been admitted to practice before any other court. On January 17, 1989, Rothstein applied for admission to the Ninth Circuit. His application was processed and he was admitted. He was later informed that he had been admitted in error. Prior to being informed of his erroneous admission to the Ninth Circuit, Rothstein applied for and was admitted to the

United States District Court for the Northern District of California. Rothstein listed on his application for admission to the Northern District, his admission to the Ninth Circuit.

On March 31, 1989, this court granted appellant Hagman's motion to substitute Jay A. Rothstein, Esq., for John Taylor, Esq., as appellant's retained counsel of record. It was later brought to the Court's attention that Rothstein does not qualify for admission to the bar of the Ninth Circuit under Fed.R.App.P. 46(a). On June 15, 1989, this Court ordered Rothstein to show cause why the Court's order of March 31, 1989 should not be vacated. Rothstein responded and contends that he is qualified to be admitted before the Ninth Circuit.

DISCUSSION

■ Rothstein contends that his license to practice before the High Court of the Trust Territory of the Pacific Islands entitles him to practice before the United States Court of Appeals for the Ninth Circuit and the United States District Court for the Northern District of California. This contention lacks merit.

"An attorney who has been admitted to practice before the Supreme Court of the United States, or the highest court of a state, or another United States court of appeals, or a United States district court (including the district courts for the Canal Zone, Guam and the Virgin Islands), and who is of good moral and professional character, is eligible for admission to the bar of the court of appeals." Fed.R.App.P. 46(a).

Admission to the bar of the Northern District Court of California is limited to attorneys of good moral character who are active members in good standing of the bar and who are eligible to practice before any United States Court or the highest court of

any State, Territory or Insular Possession of the United States. Local Rule 110 (N.D. Cal.1988).

The Trust Territory of the Pacific Islands is not a state, territory or possession of the United States.[1] The United States and the Security Council of the United Nations entered into a Trusteeship Agreement under which the United States accepted administrative responsibility for the Trust Territory of the Pacific Islands. In 1976, the Northern Mariana Islands separated from the Trust Territory of the Pacific Islands and entered into a covenant to establish a Commonwealth of the Northern Mariana Islands in political union with the United States. Joint Resolution to Approve the Covenant to Establish a Commonwealth of the Northern Mariana Islands In Political Union With the United States of America, Pub.L. No. 94–241, 90 Stat. 263 (1976) (appears at 48 U.S.C. § 1681 note (1988)). In 1985 the remaining Trust Territory of the Pacific Islands entered into a Compact of Free Association in which the trusteeship would terminate and the independent sovereignties would be formed. Compact of Free Association Act of 1985, Pub.L. No. 99–239, 99 Stat. 1770 (1986) (appears at 48 U.S.C. § 1681 note (1988)).

Rothstein contends that the Trust Territory of the Pacific Islands is an insular possession of the United States.[2] This contention lacks merit. Rothstein cites *Thompson v. Kleppe*, 424 F.Supp. 1263 (D.Haw.1976) and *Sablan Constr. Corp. v. Government of Trust Territory*, 526 F.Supp. 135 (D.N.Mar.I.1981) to support his contention. These cases do not hold that the Trust Territory is an insular possession, only that the Trust Territory govern-

1. The United States Territories and Commonwealths are defined to mean the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa and the Commonwealth of the Northern Mariana Islands. Compact of Free Association Act of 1985, Pub.L. 99–239, 99 Stat. 1770, 1789 (1986) (appears at 48 U.S.C. § 1681 note (1988)).

2. Insular possession has not been defined in the United States Code nor in any cases; however, it

has been used to refer to Puerto Rico and Guam. Black's Law Dictionary defines insular possession as an island possession of the United States such as Puerto Rico. Black's Law Dictionary 720 (5th ed. 1979). The Trust Territory of the Pacific Islands has been under a Trusteeship Agreement of the United Nations which indicates that it is not a possession of the United States.

ment is not protected by the Foreign Sovereign Immunity Act. The Trust Territory government has been treated as a quasi-sovereign and the Trusteeship Agreement is a treaty, as well as the "basic constitutional document" of the Trust Territory of the Pacific Islands. See *Temengil v. Trust Territory*, 881 F.2d 647, 652 (9th Cir.1989).

■ Rothstein requests a hearing under Fed.R.App.P. 46(b) and 46(c). These sections do not apply to Rothstein because he is not being suspended or disbarred for his conduct or moral or professional character; rather, his erroneous admission to the bar is being vacated. Also there does not appear to be any dispute over the facts which would necessitate a hearing.

## CONCLUSION

The Trust Territory of the Pacific Islands is not a territory nor an insular possession of the United States, but was only held under a trusteeship agreement with the Security Council of the United Nations. Admission to the High Court of the Trust Territory of the Pacific Islands does not qualify counsel to practice in the United States District Court for the Northern District of California or in the United States Court of Appeal for the Ninth Circuit.

The January 19, 1989 admission of Jay Alan Rothstein to the United States Court of Appeals for the Ninth Circuit is vacated. The Court's order of March 31, 1989 granting appellant's motion to substitute Jay Alan Rothstein, Esq., for John Taylor, Esq., as appellant's counsel is vacated.